IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| EDWARD DOWDY, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-0380 |
| | § | |
| PARKER DRILLING OFFSHORE | § | |
| CORPORATION, LLC, *et al.*, | § | |
|    Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Partial Summary Judgment ("Motion") [Doc. # 59] filed by Plaintiff Edward Dowdy, to which Defendants Parker Drilling Offshore Corporation LLC and Parker Drilling Offshore USA, LLC (collectively herein, "Parker Drilling") filed a Response [Doc. # 60]. Plaintiff neither filed a Reply nor requested additional time to do so. Based on the Court's review of the record and the application of governing legal authorities, the Court **denies** Plaintiff's Motion.

### **I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

In February 2007, Plaintiff was employed by Parker Drilling as a Jones Act seaman. He worked as a safety representative on a vessel-mounted rig referred to as Rig 76B. Plaintiff alleges that he broke his ankle and suffered other injuries when he fell on the rig. Until his attorney filed the Motion for Partial Summary Judgment,

Plaintiff had consistently stated that he did not know what caused him to fall. Plaintiff now contends that he fell because an iron plank covering an empty space created by a cantilever fold in the deck was not 28" wide as required by federal regulations governing walkways which serve as exit routes.

Plaintiff has moved for partial summary judgment on the duty and breach elements of his Jones Act and unseaworthiness claims. Plaintiff argues that he is entitled to summary judgment on these two issues because Defendants failed to comply with federal "regulations regarding width of walkways." *See* Motion [Doc. # 59], p. 6. Defendants argue in response that (1) the regulation relied on by Plaintiff in his Motion does not apply to vessels, and (2) there is a fact dispute regarding whether the iron plank played any role in Plaintiff's fall.[1]

## II.  **STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the

---

[1] Defendants also move to strike some of Plaintiff's summary judgment evidence. The Court grants the request to the extent that evidence of subsequent remedial measures is inadmissible under Rule 407 of the Federal Rules of Evidence. The request to strike a root cause analysis performed by Defendants after Plaintiff's fall – evidence that was not considered for purposes of the pending Motion for Partial Summary Judgment – is denied without prejudice to being reurged if the root cause analysis is offered at trial.

moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *de la O v. Housing Auth.*, 417 F.3d 495, 501 (5th Cir. 2005).  If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial.  Rule 56(e).  *Id.*  The court construes all facts and considers all evidence in the light most favorable to the nonmoving party.  *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 416 (5th Cir. 2006).

### III.    ANALYSIS

Federal regulations governing exit routes require that an "exit access must be at least 28 inches (71.1 cm) wide at all points."  29 C.F.R. § 1910.36(g)(2).  Plaintiff argues that Defendants failed to comply with this regulation and, as a result, he is entitled to summary judgment on the duty and breach elements of his Jones Act and unseaworthiness claims.  It is clear, however, that the regulation on which Plaintiff relies does not apply to vessels and, therefore, does not provide a basis for summary judgment in Plaintiff's favor.  Specifically, the regulations provide that "Sections 1910.34 through 1910.39 apply to workplaces in general industry *except* mobile workplaces such as vehicles or *vessels*."  29 C.F.R. § 1910.34.  Because the regulation

on which Plaintiff bases his Motion does not apply to vessels, summary judgment in Plaintiff's favor is not appropriate.

## IV.   CONCLUSION AND ORDER

The regulation on which Plaintiff relies in his Motion for Partial Summary Judgment does not apply to vessels and, therefore, does not support summary judgment in Plaintiff's favor on the issues of duty and breach for purposes of Plaintiff's Jones Act and unseaworthiness claims. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. # 59] is **DENIED**.

SIGNED at Houston, Texas, this **22nd** day of **September, 2008**.

_____
Nancy F. Atlas
United States District Judge